IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS MCHENRY,<br><br>        Defendant. | 4:23-CR-3024<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The government objects to the presentence report and moves for an upward departure and variance. Filing 54.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

- (c) impose upon the United States the burden of proof on all Guidelines enhancements;

- (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

- (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The government objects to the presentence report's failure to assess a two-point enhancement to the offense level for obstruction of justice. Filing 54 at 4-6. The government points to the fact that after being federally indicted, the defendant was contacted and said he would turn himself in—but he didn't, and when officers came to his Grand Island home he refused to answer the front door and instead slipped out the back and made it as far as Oklahoma. Filing 54 at 5.

   U.S.S.G. § 3C1.1 provides for a two-level enhancement to the offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." That doesn't include "avoiding or fleeing from arrest." *Id.*, cmt. n.5(D). But it does include "escaping or attempting to escape from

custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." *Id.*, cmt. n.4(E).

The defendant's conduct here was someplace in the middle. But the Eighth Circuit has explained that "[a]voiding arrest is 'pre-investigation' conduct that generally occurs without knowledge that an investigation is underway, and it does not warrant enhancement because it is more of an initial instinctive reaction than willful obstruction of justice." *United States v. Billingsley*, 160 F.3d 502, 507 (8th Cir. 1998) (quotations omitted); *see also United States v. Hare*, 49 F.3d 447, 453 (8th Cir. 1995). What happened here was not that. Instead, this case is much more like those in which obstruction of justice was found after a defendant, aware of the pending charges, fled the jurisdiction. *See United States v. Chavez*, 833 F.3d 887, 889 (8th Cir. 2016); *Billingsley*, 160 F.3d at 507; *United States v. Eagle*, 133 F.3d 608, 611 (8th Cir. 1998); *United States v. Mosley*, 89 F.3d 842 (8th Cir. 1996); *United States v. Smith*, 62 F.3d 1073, 1079 (8th Cir. 1995); *Hare*, 49 F.3d at 453; *United States v. McDonald*, 7 F.3d 1043 (8th Cir. 1993).

For instance, in *Mosley*, the defendant had been served with an arrest warrant and was waiting to be booked when obstructed justice by fleeing on foot and eluding authorities for 26 days. 89 F.3d at 842. In *Smith*, the defendant answered questions and agreed to cooperate, but obstructed justice by giving a false address, retrieving and selling fraud proceeds, and escaping capture for almost 3 years. 62 F.3d at 1079; *accord Billingsley*, 160 F.3d at 507; *Hare*, 49 F.3d at 453. In *Chavez*, the Court of Appeals held that the enhancement applied when the defendant fled to Mexico and remained there, because he had been searched, made a

statement, and been charged by complaint, so he "unquestionably knew the authorities were building a case against him." 833 F.3d at 888. In *Eagle*, the defendant was arrested and taken to the hospital, but obstructed justice by telling police he would check himself into the hospital and come to court the next morning, but instead going to a different town. 133 F.3d at 611. And in *McDonald*, the defendant obstructed justice refusing to turn himself in and remaining a fugitive for 2 months after being told by his attorney that he'd been indicted. 7 F.3d at 1043.

"The distinction between merely "avoiding or fleeing from arrest" and obstructing justice is somewhat imprecise and courts have generally relied on the facts of the particular case to determine when the enhancement is justified." *United States v. Walcott*, 61 F.3d 635, 639 (8th Cir. 1995). And here, the "facts do not present a situation of instinctive fleeing from the scene of a crime." *Id*. When the defendant's conduct here is "viewed cumulatively," *see id.*, it presents a compelling case for obstruction of justice. But the government bears the burden of proving the applicability of an enhancement to the offense level. *United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014). Accordingly, the Court will make a final determination on this issue at sentencing.

The government also moves for an upward departure pursuant to U.S.S.G. § 4A1.3(a), arguing that " the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Filing 54 at 6-9. The government's argument, briefly summarized, is that while the defendant's prior convictions do not

result in criminal history points—and are admittedly old—the facts of those cases are troubling. Filing 54 at 6-9.

The Court agrees that those convictions are concerning. But The government bears the burden of proving the application of an upward departure. *United States v. Beltramea*, 785 F.3d 287, 289 (8th Cir. 2015). Accordingly, the Court will make a final determination at sentencing.

Finally, the government moves for an upward variance, based on the defendant's personal circumstances and the circumstances of the offense. Filing 54 at 9-11. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 25th day of March, 2024.

                                        BY THE COURT:

                                        *[signature]*
                                        John M. Gerrard
                                        Senior United States District Judge